13-1698-cv
*Watson v. Qiu*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of February, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

ROBERT R. WATSON,

> *Plaintiff-Appellant,*

> > v.                                                                     No. 13-1698-cv

OLIVER H. QIU, BRETZ & COVEN, LLP,

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Robert R. Watson, *pro se*, Manchester, Jamaica. |
| **FOR DEFENDANTS-APPELLEES:** | Barry Jacobs and Shari Sckolnick, Abrams, Gorelick, Friedman & Jacobson LLP, New York, NY. |

Appeal from the March 19, 2013 judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiff-Appellant Robert R. Watson ("Watson"), proceeding *pro se*, appeals from the District Court's judgment dismissing his complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* We read *pro se* complaints liberally with "special solicitude" and interpret them to raise the "strongest [claims] that [they] suggest[ ]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (first alteration in original) (internal quotations omitted).

Here, an independent review of the record and relevant case law reveals that the District Court properly dismissed Watson's claim against the defendants for legal malpractice. With regard to Watson's argument that the defendants should have filed a timely seventh motion to reopen the deportation proceedings with the Board of Immigration Appeals (the "Board"), we likewise affirm, substantially for the reasons as stated by the District Court—namely, Watson did not plausibly allege that the outcome of his deportation proceedings would have been any different had the defendants timely filed a seventh successive motion to reopen on the same grounds already rejected by the Board.

Watson also advances the argument that the defendants were negligent in failing to file an application for an adjustment of status. Such an application, however, first required the Board to reopen his proceedings, inasmuch as jurisdiction had vested with the Board (the Board having ruled

on Watson's appeal as well as on six prior motions to reopen). *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1). Because the Board was not inclined to grant such relief, this argument similarly fails. Watson responds that the Board would have been required to reopen his proceedings because every adjustment application must be fully adjudicated; however, there is no support for this contention. *See, e.g.*, *Matter of Yauri*, 25 I. & N. Dec. 103, 112 (BIA 2009) (denying an untimely motion to reopen to pursue an application for adjustment of status).

We have considered all of Watson's arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 19, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3